## Keasbey Trust

■

■■■■■■■■

■■■■■■■■

■■■■■■■■

*Angus M. Russell,* for accountants.
*Robert J. Dixon,* for Commonwealth.

C. KLEIN, *J.,* January 3, 1977 — Marguerite A. Keasbey died June 29, 1960, leaving a will dated February 13, 1958, and a codocil dated March 24, 1960, which were admitted to probate before the Surrogate of Morris County, New Jersey on July 13, 1960. By paragraphs fifth and sixth of the will the accountants were appointed trustees of decedent's residuary estate, together with the property over which she had a power of appointment under a deed of trust dated January 16, 1929 of her father, Henry G. Keasbey. . . .

[The residuary estate was left in a continuing charitable trust for scholarships.]

At the audit the accountants presented for adjudication the following question:

*"Trustees' compensation.* Heretofore the trustees, as a group, have received as compensation for their services 5% of the income as shown in the account. Of this amount, three-fifths has been received by the corporate trustee and one-fifth by each of the individuals. The trustees will ask that henceforth a total of 7% of income be allowed to them as compensation, to be allocated five-sevenths to the corporate trustee and one-seventh to each of the individual trustees."

Mr. Dixon representing the Commonwealth as parens patriae of charities, objected to any in-

crease in compensation for the trustees. In our view the trustees may well be able to justify an increase in compensation considering the nature and extent of their duties and the responsibilities imposed upon them under the terms of the trust. However, it has been our consistent practice not to approve prospectively increases in fiduciary compensation. We consider this a matter to be determined by the auditing judge at the audit of the account in which the increased compensation is claimed. We therefore decline to rule upon the question, without prejudice, however, to the right of the trustees to raise the issue at the audit of the next account.

In addition to the foregoing requests for a prospective increase in fiduciary compensation, the accountants have asked the court to approve the payment of certain expenses incurred since July 1, 1976, and prospectively, for rental of office space used by the individual co-trustees and for the part-time services of Miss Katharine Weiss, a secretary in the offices of Morgan, Lewis and Bockius, who maintains the record of decisions and transactions incident to carrying out the charitable purposes of the trust under the 1953 deed as well as for the trust under the will. Mr. Russell estimated the total expense for rent and salary will not exceed $3,500 per annum, all of which be chargeable to income as an operating expense and divided proportionately between the two trusts.

There is no question that a trustee can properly incur expenses to employ agents or servants and for the rental of office facilities which are reasonably necessary in the administration of a trust: 3 Scott, Trusts, §188.3 (3rd ed. 1967); Restatement 2d Trusts §188. Furthermore, testatrix made spe-

cific provisions for administration expenses in paragraph fifth (10) of her will, using language which we consider as broad enough to include expenditures of this kind. We shall not, however, pass upon such expenses prospectively. From the description provided by Mr. Russell the expenses incurred to date appear to be reasonable indeed. In the absence of any objection by the representative of the Attorney General, the auditing judge will allow them as proper disbursements from income in the two trusts. . . .

The account and the supplement thereto show a balance of income before distributions of $1,186,-466.16 from which the accountants are authorized to pay a proportionate share of the cost of the rental of office space and for the part-time services of Miss Katharine Weiss during the period covered by the account, and the balance is awarded to The Fidelity Bank, Philip J. Greven, Jr. and Angus M. Russell, trustees, in trust for the continued uses and purposes of the trust.